## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Dec 07 2020, 9:01 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Donald E.C. Leicht
Deputy Public Defender
Peru, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Benjamin J. Shoptaw
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Bryson Small,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff.*

December 7, 2020

Court of Appeals Case No.
20A-CR-1202

Appeal from the Howard Superior Court

The Honorable Brant J. Parry, Judge

Trial Court Cause No.
34D02-1803-F3-91

**Bradford, Chief Judge.**

# Case Summary

On March 16, 2018, while awaiting the start of a paternity hearing, Bryson Small attacked two women, one of whom was the mother of his alleged child. During the altercation, Small also struck a law enforcement officer. He subsequently pled guilty to Level 3 felony aggravated battery, Level 5 felony battery resulting in serious bodily injury, Level 5 felony battery resulting in bodily injury to a public safety officer, and Level 6 felony resisting law enforcement and was sentenced to an aggregate twenty-four-year sentence. On appeal, Small contends that the trial court (1) abused its discretion in sentencing him and (2) erred in awarding him only 1087 days of credit for time spent incarcerated prior to sentencing. We affirm.

# Facts and Procedural History

On March 16, 2018, Small and Alice Koontz were at the Howard County courthouse for a paternity hearing regarding Alice's daughter, A.K. Alice was accompanied at the courthouse by A.K. and Jackie Koontz. Prior to the paternity hearing, Small instigated a physical altercation with Alice and Jackie.

The parties stipulated to, and security footage from the courthouse showed, what happened next:

> [Small] approach[es] Jackie and Alice. [Small] shoves Jackie out of the way in order to get to Alice. Jackie falls to the ground. [Small] then punches Alice with a closed fist in the face. Jackie got up and tried to get in the middle of [Small] and Alice. After

the punch, Alice falls to the ground and appears to be unconscious as she is not fighting back. [Small] kicks Alice in the head multiple times before bystanders and court security officers are able to respond and get him away. The video shows [Small] continuing to kick Alice in the head several more times while he is fighting with the officers that had responded. Another bystander was able to pull Alice away from the altercation. Alice was laying on the ground lifeless, making no movements, and appeared to be unconscious from the punches and kicks that she had received from [Small].

Appellant's App. Vol. II p. 22. During the altercation, one of the responding officers was struck by Small in the face and, as a result of the altercation, suffered pain in his left shoulder. Also as a result of the altercation, Jackie received a large cut on her head that required several staples, and Alice sustained multiple facial fractures.

[4] On March 27, 2018, Small was charged with Level 3 felony aggravated battery, two counts of Level 5 felony battery resulting in serious bodily injury, Level 5 felony battery resulting in bodily injury to a public safety officer, Level 6 felony domestic battery, and Level 6 felony resisting law enforcement. On April 7, 2020, Small pled guilty to Level 3 felony aggravated battery, one count of Level 5 felony battery resulting in serious bodily injury, Level 5 felony battery resulting in bodily injury to a public safety officer, and Level 6 felony resisting law enforcement. In exchange for Small's guilty plea, the State agreed to dismiss the remaining charges. Small's plea agreement also indicated that "[s]entencing shall be left to the discretion of the court with a maximum executed time of 20 years." Appellant's App. Vol. II p. 108.

[5]     Following a hearing, the trial court accepted Small's guilty plea and sentenced Small as follows: fourteen years for Level 3 felony aggravated battery, five years for Level 5 felony battery resulting in serious bodily injury, five years for Level 5 felony battery resulting in bodily injury to a public peace officer, and two years for Level 6 felony resisting law enforcement. The trial court ordered that the sentences for Level 3 felony aggravated battery and Level 5 battery be run consecutively to each other, and that the sentence for Level 6 felony resisting law enforcement run concurrently to the others. In total, the trial court imposed an aggregate twenty-four-year sentence, of which twenty years was ordered to be served in the Department of Correction and the remaining four years suspended to probation. The trial court also awarded Small 1087 days of credit for time spent incarcerated prior to sentencing.

## Discussion and Decision

### I. Abuse of Discretion

[6]     Small contends that the trial court abused its discretion by imposing an aggregate twenty-four-year sentence, arguing that the sentence exceeds the maximum sentence allowed by law. "We have long held that a trial judge's sentencing decisions are reviewed under an abuse of discretion standard." *McCain v. State*, 148 N.E.3d 977, 981 (Ind. 2020) (internal citation omitted). "An abuse of discretion occurs if the decision is clearly against the logic and effect of the facts and circumstances before the court, or the reasonable,

probable, and actual deductions to be drawn therefrom." *Id.* (internal quotations omitted).

[7] Except for crimes of violence, the total of the consecutive terms of imprisonment to which a defendant is sentenced for felony convictions arising out of an episode of criminal conduct shall not exceed twenty years if the most serious crime for which a defendant is sentenced is a Level 3 felony. Ind. Code § 35-50-1-2(c) and (d)(4). In *Ellis v. State*, the Indiana Supreme Court addressed the application of the limitation set forth in Indiana Code section 35-50-1-2(d) to cases involving both crimes of violence and non-crimes of violence, explaining that

> The rule of lenity requires that criminal statutes be strictly construed against the State. Adherence to this rule requires that we interpret the statute to exempt from the sentencing limitation (1) consecutive sentencing among crimes of violence, and (2) consecutive sentencing between a crime of violence and those that are not crimes of violence. However, the limitation should apply for consecutive sentences between and among those crimes that are not crimes of violence.

736 N.E.2d 731, 737 (Ind. 2000) (internal quotation omitted).

[8] In this case, three of Small's four convictions qualified as crimes of violence. *See* Ind. Code § 35-50-1-2(a)(6) and (a)(8) (providing that aggravated battery and Level 5 felony battery qualify as crimes of violence). Applying Indiana Code section 35-50-1-2 and Indiana Supreme Court's decision in *Ellis* to the instant matter, we conclude the twenty-year limitation does not apply to the portions

Small's total aggregate sentence that were imposed in relation to crimes of violence, only to those portions of his total aggregate sentence that were not. Small was convicted of one non-crime of violence, Level 6 felony resisting law enforcement, and his sentence for that conviction was two years and ran concurrently to the aggregate twenty-four-year sentence imposed for his crimes of violence. Because the portions of Small's sentence that, when run consecutively, exceed the twenty-year limitation set forth in Indiana Code section 35-50-1-2(d)(4) were imposed in relation to crimes of violence, Small's sentence does not violate Indiana Code section 35-50-1-2. As such, we conclude that the trial court did not abuse its discretion in sentencing Small.

# II. Credit Time

[9] Small also contends that the trial court erred in awarding him only 1087 days of credit for time spent incarcerated prior to sentencing.

> Under the Indiana Penal Code, prisoners receive credit time that is applied to reduce their term of imprisonment. The time spent in confinement before sentencing applies toward a prisoner's fixed term of imprisonment. The amount of additional credit or good time credit is primarily determined by the prisoner's credit time classification.

*Rudisel v. State*, 31 N.E.3d 984, 988–89 (Ind. Ct. App. 2015) (quotation and citations omitted). "There are two types of credit that must be calculated: (1) the credit toward the sentence a prisoner receives for time actually served, and (2) the additional credit a prisoner receives for good behavior and educational attainment." *Moon v. State*, 110 N.E.3d 1156, 1160 (Ind. Ct. App. 2018)

(internal quotation omitted). "Credit time is a matter of statutory right and trial courts do not have discretion in awarding or denying such credit." *Id.*

[10] Pursuant to Indiana Code Section 35-50-6-4(a), a person who is not a credit-restricted felon and is imprisoned awaiting trial or sentencing for a Level 6 felony or misdemeanor is initially assigned to Class A. "A person assigned to Class A earns one (1) day of good time credit for each day the person is imprisoned for a crime or confined awaiting trial or sentencing." Ind. Code § 35-50-6-3.1(b). Pursuant to Indiana Code section 35-50-6-4(b), a person who is not a credit-restricted felon and is imprisoned awaiting trial or sentencing for a crime other than a Level 6 felony or misdemeanor is initially assigned to Class B. "A person assigned to Class B earns one (1) day of good time credit for every three (3) days the person is imprisoned for a crime or confined awaiting trial or sentencing." Ind. Code § 35-50-6-3.1(c). "A person imprisoned awaiting trial is initially assigned to a credit class based on the most serious offense with which the person is charged." Ind. Code § 35-50-6-4(h). However, "[i]f all the offenses of which a person is convicted have a higher credit time class than the most serious offense with which the person is charged, the person earns credit time for the time imprisoned awaiting trial at the credit time class of the most serious offense of which the person was convicted." Ind. Code § 35-50-6-4(h).

[11] In this case, nothing in the record indicates that Small was a credit-restricted felon. The most serious offense for which he was charged and convicted was a Level 3 felony. As such, he qualified for Class B credit, or one day of "good

time credit" for every three days served while awaiting trial. *See* Ind. Code § 35-50-6-3.1(c). In sentencing Small, the trial court awarded Small 815 actual days and 272 additional days of credit time, for a total of 1087 days. Small does not argue that the trial court erred in crediting him for serving 815 actual days while awaiting sentencing. The 272 days of additional credit time equals one-third of the actual time he was incarcerated prior to sentencing, or one day for every three days served. The trial court, therefore, awarded Small the correct amount of credit time.

[12] Furthermore, we are unpersuaded by Small's claim that he should have been granted Class A credit time for some of the time he spent incarcerated prior to trial. Indiana Code section 35-50-6-4(h) "explicitly states that a person earns credit time pursuant to the credit class to which he is assigned, which, in turn, is based on the most serious offense with which the person is convicted." *Moon*, 110 N.E.3d at 1161. Here, the most serious offense with which Small was charged and convicted was a Level 3 felony. We conclude that the trial court did not err when it calculated Small's good time credit based on that offense. *See id.* (concluding that the trial court did not err when it calculated the defendant's good time credit based on his Level 4 felony conviction rather than his Level 6 felony conviction).

[13] The judgment of the trial court is affirmed.

Kirsch, J., and May, J., concur.